IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KAWANNA HOWARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:19-cv-00104-JEO ) |
| ROBERT WILKIE, Secretary, Department of Veteran Affairs, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Kawanna Howard filed a complaint in this court alleging she was discriminated against by her former employer because of her sex in violation of Title VII of the Civil Rights Act of 1964. (Doc. 1 at 2-12).[1] Now before the court[2] is the Defendant Robert Wilkie, Secretary, Department of Veteran Affairs' ("Veteran Affairs") motion to dismiss[3] or, in the alternative, motion for summary judgment. (Doc. 8). The motion has been fully briefed, (docs. 9, 17, 24), and is now ripe for

---

[1] All evidentiary citations refer to the document and page number provided by CM/ECF, the court's electronic document filing system, except for citations to declarations and affidavits which refer to the paragraph number provided in the document.

[2] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 20).

[3] The court notes that the motion states it is a motion to dismiss under Federal Rule of Procedure 12(b)(1) for failure to state a claim. (Doc. 8). The court assumes that this is a typographical error and that Defendant intended to cite Rule 12(b)(6).

decision. For the reasons that follow, the motion for summary judgment is due to be granted.

I.  **STANDARD OF REVIEW**

Although Defendant's motion is couched as a motion to dismiss and an alternative motion for summary judgment, a review of the briefing convinces the court that it should consider the motion as one for summary judgment, as opposed to a motion to dismiss. In support of the motion, Defendant filed 117 pages of evidence, including the entire EEOC Report of Investigation. (Doc. 10). In response to the motion, Plaintiff filed a brief in opposition to the substantive arguments presented by Defendant, filed her own affidavit in support of her claims and cites to evidence filed by Defendant. (Docs. 17-1 & 17-2).

Federal Rule of Civil Procedure 12(d) states: "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and no excluded by the court, the motion must be treated as one for summary judgment." The Rule instructs the court that the "parties must be given a reasonable opportunity to present all the material that is pertinent to the motion" if the court treats it as one for summary judgment. Fed.R.Civ.P. 12(d). Here, the filings by the parties clearly indicate that they were aware that the court may consider the motion one for summary judgment and were given the opportunity to present all materials in support

or in opposition to the motion. Accordingly, the court will treat the motion as one for summary judgment and consider the evidence before it.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *See id.* at 324.

The substantive law identifies which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence

is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

## II. STATEMENT OF FACTS

Howard began working as a Food Service cashier at the Canteen at the Veterans Administration Medical Center in Tuskegee, Alabama, on February 4, 2015. (Doc. 17-2 ("Howard Aff.") ¶ 4; Doc. 1 ¶ 7). Johnny Lavalais was the Canteen Chief and William Williams was a Canteen supervisor. Williams was Howard's immediate supervisor. (*Id.* ¶ 5).

At the end of her shift on May 1, 2015, Williams instructed Howard to report to work at the Canteen in Montgomery, Alabama. (*Id.* ¶ 10). Howard called Lavalais for further instructions, and he told her to report to work at 8:00 a.m. on Monday, May 4, 2015. (*Id.* ¶¶ 11-12). On May 4th, Howard arrived on time, but Lavalais was not there. (*Id.* ¶¶ 13, 14). She stayed until 10:00 a.m. and then left. (*Id.* ¶ 14). After she left, Howard called the Canteen several times that day, but Lavalais was not there. (*Id.* ¶ 15). Howard finally got in touch with Lavalais at 2:30 p.m., but he told her that he was busy. (*Id.* ¶ 16).

The following day, Howard reported to the Canteen in Montgomery and asked Lavalais "why he asked [Howard] to travel to Montgomery knowing he was not going to be there." (*Id.* ¶ 17). "After [Howard] questioned him, [ ] Lavalais stated that [she] was terminated." (*Id.* ¶ 18). When Howard asked him why she was being

terminated Howard told her "because I can" and that he did not have a reason.[4] (*Id*. ¶ 19). After she was terminated, Howard returned to the Canteen in Tuskegee to talk to Williams and get her termination papers. (*Id*. ¶ 20). Williams told her to come back at 4:00 p.m. (*Id*. ¶ 21). When she returned, she asked Williams for her personnel file, but he did not have it and did not know where it was located. (*Id*. ¶¶ 22-23).

On August 27, 2015, Williams called Howard's union representative, Bobby Henderson, in an effort to contact Howard regarding future employment. (*Id*. ¶ 26). Henderson got in touch with Howard, and she called Williams who told her to report to the Tuskegee VA in the next 30 minutes to complete an employment application. (*Id*. ¶¶ 27-28). Howard completed the application and provided Williams a cancelled check for payroll purposes. (*Id*. ¶¶ 29-31).

On September 4, 2015, Williams called Howard and told her she would begin work on September 8, 2015, at 8:00 a.m. (*Id*. ¶ 32). Approximately two hours later, however, Williams called Howard and told her that he could not rehire her because

---

[4] Lavalais stated that he terminated Howard because she left her duty station without permission and for attendance problems. (Doc. 10 at 74, 75). Howard moves to strike the statements made by Lavalais in his affidavit, which is part of the EEOC Report of Investigation. (Doc. 18). She also moves to strike the affidavit of Williams which is also part of the EEOC Report of Investigation. (*Id*.). As the basis for her motion, Howard contends the affidavits lack the proper authentication and cites Federal Rule of Civil Procedure 56(e) and *Saunders v. Emory Healthcare, Inc*., 360 F. App'x 110, 113 (11th Cir. 2010) in support of her motion. (*Id*.). The motion is **DENIED**. The authentication rule relied on by Howard is no longer applicable and the affidavits meet the requirements of Federal Rule of Civil Procedure 56(c).

5

she "was terminated in the Veterans Canteen Services system." (*Id*. ¶ 33). Williams stated that Lavalais made the decision to not rehire Howard because he "did not want to rehire an employee whom [sic] had attendance problems." (Doc. 10 at 79).

On December 10, 2015, Howard participated in an Alternative Dispute Resolution telephone conference with Abner Martinez,[5] Natasha Holloman, the EEO representative, and Henderson "in an attempt to resolve the issue."[6] (Howard Aff. ¶ 34). During the conference call, Martinez stated "several times" that Howard was not terminated in the VA system. (*Id*. ¶ 37). Holloman asked Martinez to contact Williams "to rehire [Howard] because [she] was not terminated in the system." (*Id*. 42). She told Martinez that "he had the weekend to find [Howard] a job within the VCS [Veterans Canteen Services] department."[7] (*Id*. ¶ 43).

The same people participated in another telephone conference on December 14, 2015. (*Id*. ¶ 45). Martinez reported that there were no available positions to hire

---

[5] It is unclear from the record who Abner Martinez is or what position he holds with Defendant. Plaintiff stated that he was on the conference call because Williams and Lavalais "would not participate." (Howard Aff. ¶ 35). The court assumes he was the Defendant's representative on the call.

[6] The court assumes Howard filed a complaint regarding her termination and/or failure to rehire. The record does not contain any information regarding the events that instigated this telephone conference.

[7] Martinez also stated that "all employees are to have a physical done to complete their 90 days of employment." (Howard Aff. ¶ 38). Holloman questioned Martinez about why Howard was never given a physical during her employment. (*Id*. ¶39). Martinez replied "that his company does not do a 90-day physical." (*Id*. ¶ 40). Holloman and Henderson questioned Martinez about his earlier statement and the contradiction. (*Id*. ¶ 41).

6

Howard. (*Id.* ¶¶ 46, 48). Howard contends, however, that "several men have been hired since [her] termination." (*Id.* ¶ 50). Martinez also stated that he would email Howard's contract to Henderson, but he never received a copy of her contract. (Id. ¶¶ 51-52).

### III. DISCUSSION

Howard's complaint contains two claims of sex discrimination. She first contends that she was discriminated against because of her sex when she was terminated. She also contends that she was discriminated against because of her sex when Defendant failed to rehire her.

Defendant argues summary judgment is proper because Howard failed to establish a prima facie case of sex discrimination because she did not identify a similarly situated comparator with regard to either adverse employment action. (Doc. 9 at 9-10). Even if she could establish a prima facie case, Defendant maintains summary judgment is proper because it articulated legitimate, nondiscriminatory reasons for its actions and there is no evidence of pretext. (*Id.* at 11-12). Howard contends, however, that she has established that the legitimate nondiscrimination reasons articulated by Defendant are "unworthy of credence" and that she presented a "mosaic of circumstantial evidence" that would allow a jury to infer discrimination on the basis of her sex. (Doc. 17-1 at 8-12). For the reasons stated below, the court

concludes that there are no material issues of fact in this case and Defendant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56.

**A. Title VII Framework**

Analysis of a Title VII disparate treatment claim based on circumstantial evidence as the one presented here[8] requires the application of the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004). Under this framework, a plaintiff must establish a prima facie case of disparate treatment by showing: (1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated employees outside her class more favorably; and (4) she was qualified to do the job. *See Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999). After the plaintiff meets this initial burden, the employer has the burden to articulate a legitimate, nondiscriminatory reason for the employment decision. *Wilson*, 376 F.3d at 1087. This burden involves no credibility determination, *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509 (1993), and has been characterized as "exceedingly light." *Perryman v. Johnson Prod. Co.*, 698 F.2d 1138, 1141 (11th Cir. 1983). As long as the employer articulates "a clear and reasonably specific" non-discriminatory basis for its actions, it has discharged its burden of production. *Texas Dept. of Cmt'y Affairs v. Burdine*, 450 U.S. 248, 254-

---

[8] Howard does not contend she has direct evidence or statistical evidence of discrimination.

55 (1981). After an employer articulates one or more legitimate, non-discriminatory reasons for the employment action, the plaintiff must show the proffered reason was a pretext for illegal discrimination. *Id.* If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot simply recast the reason but must "meet that reason head on and rebut it." *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000).

The court is mindful that the Eleventh Circuit has clarified that the framework is not the only way for a plaintiff to survive summary judgment in a discrimination case. *See Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011). Rather, the plaintiff can survive summary judgement "if he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." *Id.* A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decision-maker. *Id.* With these frameworks in mind, the court first addresses Howard's termination claim and then moves on to her failure to rehire claim.

**B. Termination**

As stated above, Defendant argues Howard failed to establish a prima facie case of sex discrimination because she cannot identify a similarly-situated comparator. And even if she could establish a prima facie case, Defendant contends

9

she cannot establish pretext or carry her ultimate burden of showing she was discriminated against because of her sex when she was terminated. The court agrees.

Howard's termination claim fails for multiple reasons. First and foremost, Howard has failed to satisfy her burden to show that Defendant treated her less favorably than an individual outside of her protected class "similarly situated [to her] in all material respects." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1218 (11th Cir. 2019). In fact, Plaintiff's complaint fails to even allege such a comparator. (*See* Doc. 1). Instead, with regard to her comparator allegations in the complaint, Howard focuses solely on her failure to rehire claim. (*Id.* ¶ 22). Likewise, her affidavit filed in support of her opposition to summary judgment does not attempt to name a comparator with regard to her termination. (*See* Howard Aff. ¶ 50).

Regardless, even "[i]f a plaintiff fails to show the existence of a similarly situated employee, summary judgment is appropriate where no other evidence of discrimination is present." *Holifield*, 115 F.3d at 1562 (citing *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 182 (1st Cir. 1989) (emphasis added)). As evidence of sex discrimination with regard to her termination, Plaintiff points to the "multiple inconsistencies from the Defendant's agents regarding [her] termination." (Doc. 17-1 at 9-10). Specifically, Howard contends the following shows evidence of sex discrimination:

- Lavalais failed to comply with his own instructions regarding meeting Howard;

- When Howard questioned him about the reason for her termination, Lavalais said, "I do not have a reason," and that he was terminating her because he could;
- However, with "the threat of an impending lawsuit," Howard changed his reasoning for her termination to alleged attendance problems and leaving her duty station without permission;[9]
- Howard was never disciplined for any reason while working for Defendant and the only time she left her duty station was to complete other necessary requirements like wiping down dirty tables and stocking forks.[10]

(*Id.*).

While Howard may establish pretext by demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in [Defendant's] proferred legitimate reasons for its actions [so that] a reasonable factfinder could find them unworthy of credence," *Springer v. Convergys Customer Mgmt. Group, Inc.*, 509 F.3d 1344, 1348-50 (11th Cir. 2007), she still has the burden to show "*both* that the reason stated [by the employer] was false, and that discrimination was the real reason." *Brooks v. County Comm'n of Jefferson County*, 446 F.3d 1160, 1162 (11th Cir. 2006) (quoting *Hicks*, 509 U.S. at 515). In this regard, Howard has utterly failed. First, Howard has failed to show that Defendant's stated reason for her

---

[9] Ironically, Howard moved to strike this testimony, as well as the testimony of Williams, regarding the reasoning for Plaintiff's termination. Without their testimony, however, Howard's argument does not have any support in the record. Thankfully for Howard, the court denied the motion and considers the testimony on summary judgment.

[10] This reasoning misses the point. It is clear from the record that Lavalais did not terminate Howard for anything other than her leaving her station on May 4th. There is nothing to indicate that Lavalais' reasoning was referring to any other "attendance issue" or abandonment of her duty station.

11

termination is false or truly inconsisten. Instead, Howard testified that Lavalais did not give her a reason when she questioned him about her termination, but merely stated he was terminating her because he could.[11] In his affidavit, Lavalais explained her termination was "because of her attendance issue and her leaving her duty station without permission." (Doc. 10 at 75). This statement is not inconsistent with his first statement because the first statement was more akin to a non-answer and did not provide any meaningful reason for her termination. Additionally, Howard acknowledges leaving the Canteen in Montgomery without speaking to Lavalais, thus establishing that the reason stated for her termination was not false.

Additionally, and more importantly, Howard has not presented any evidence, other than her conclusory allegations, that her sex was the real reason for her termination. Instead, the evidence taken in the light most favorable to Howard only shows that Lavalais fired her without a reason, simply because he could. There is no evidence whatsoever to indicate that her sex played any role in this decision. Instead, Howard's testimony, at most, establishes that Lavalais was unfair and rude to Plaintiff. It certainly does not present a "convincing mosaic of circumstantial evidence" that would allow a jury to infer intentional sex discrimination. *See Smith*,

---

[11] In her brief, counsel argues that Lavalais was "angry that a female would question him . . . ." (Doc. 17-1 at 3). This argument is not supported by the record. There is no evidence before the court that Lavalais was angry or insinuated that he did not want to be questioned by a female employee.

12

644 F.3d at 1328. For these reasons, summary judgment is due to be granted in favor of Defendant with regard to Plaintiff's termination claim.

### C. Failure to Rehire

Defendant makes the same arguments with regard to Plaintiff's contention that she was not rehired because of her sex. Specifically, Defendant argues Howard failed to establish a prima facie case of sex discrimination because she cannot identify a similarly-situated comparator. And even if she could establish a prima facie case, Defendant contends she cannot establish pretext or carry her ultimate burden of showing she was discriminated against because of her sex when she was not rehired by Defendant. The court agrees.

As discussed above, to establish a prima facie case, a plaintiff in employment discrimination cases must prove, among other things, that she received treatment less favorable than similarly situated employees outside of her protected class. *McDonnell Douglas*, 411 U.S. at 802. The Eleventh Circuit emphasized this point in its recent decision in *Lewis*, 918 F.3d 1213. The Court clarified that a plaintiff proceeding under the *McDonnell Douglas* framework must show that his alleged comparators are "similarly situated in all material respects." *Id*. at 1224. The Eleventh Circuit went on to point out that, in most cases, adequate comparators are those who have been "engaged in the same basic conduct (or misconduct), . . . subject to the same employment policy, guideline, or rules, . . . under the jurisdiction of the

13

same supervisor, . . . and [ ] share the [same] employment or disciplinary history" as the plaintiff. *Id*. at 1227-28.

Howard has fallen woefully short in her comparator evidence with regard to Defendant's failure to rehire her. She simply states that "[a]lthough Mr. Martinez stated that there were no positions available, several males have been hired since my termination." (Howard Aff. ¶ 50). This allegation is essentially meaningless under *Lewis*. The court has no information as to the identity of these males, what positions they were hired for, their employment history, whether they had been terminated by Defendant in the past, and the like. Without any information whatsoever regarding these males who were allegedly hired by Defendant, it is impossible for the court to make the requisite comparison.

And just like her termination claim, Howard has failed to present a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional sex discrimination. Howard points to the "conflicting testimony as to why the Plaintiff was not re-hired" and asserts these contradictions would allow a reasonable factfinder to find the reasons unworthy of credence. (Doc. 17-1 at 10-11). Specifically, Howard highlights the contradictions in Williams and Lavalais' affidavits: Williams stated that Lavalais decided not to re-hire Howard, but Lavalais stated that he played no role in the decision. Additionally, Howard cites the inconsistency between Williams' testimony that Howard was not rehired because

14

her contract had "ended once before," she "was terminated in the Veterans Canteen Services system" and Martinez's statement that Howard had not been terminated from the VCS system.

The court agrees that these statements contain internal contradictions regarding the reason Defendant did not rehire Howard. That being said, Howard still has the ultimate burden to show that sex discrimination was the real reason for the adverse action. There is simply no evidence in the record from which a reasonable jury could infer intentional discrimination on the part of Defendant. An inference requires more than "a mere suspicion or a guess. Instead, it is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact." *Smith*, 644 F.3d at 1328 n.25 (quotation marks and alterations omitted). The mere fact that the statements are inconsistent, standing alone, does not raise an inference of sex discrimination. It is not enough to simply disbelieve the employer's reason, there must be enough evidence to support a finding of discrimination. *See Hick*, 509 U.S. at 511, n.4. The court finds none. As such, summary judgment is proper with regard to Howard's claim of sex discrimination with regard to her failure to rehire claim.

## IV. CONCLUSION

For the foregoing reasons, Defendant Robert Wilkie, Secretary, Department of Veteran Affairs is entitled to judgment as a matter of law on all the claims asserted

in Plaintiff's complaint. As such, Defendant's motion for summary judgment (Doc. 8) is due to be granted. A separate order will be entered.

**DATED** this 31th day of October, 2019.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge